IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

LARRY NEAL BRIGGS III                                                              PETITIONER
ADC #151303

V.                                        NO. 5:15cv00267-JTR

WENDY KELLEY, Director,                                                           RESPONDENT
Arkansas Department of Correction

**MEMORANDUM AND ORDER**

Pending before the Court is a 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus filed by Larry Neal Briggs III ("Briggs"), an inmate in the Arkansas Department of Correction ("ADC"). *Doc. 1*. Before addressing Briggs's habeas claims, the Court will review the procedural history of the case in state court.

**I. Background**

On November 14, 2011, Briggs entered a guilty plea, in Crittenden County Circuit Court Case No. CR-2011-964, to possessing drug paraphernalia with intent to manufacture methamphetamine, a Class B felony. *See* Ark. Code Ann. § 5-64-403(c)(5) (2010) (now codified at Ark. Code Ann. § 5-64-443(b) (Supp. 2015)). The trial court suspended imposition of his sentence for 120 months.[1] *Doc. 11-2, at 5*.

---

[1]Under Arkansas law, "suspended imposition of sentence" or "SIS" is a "procedure in which a defendant who pleads guilty ... is released by the court without pronouncement of sentence" but is subject to specified conditions during a period of "suspension." Ark. Code Ann. § 5-4-101(5). If a court revokes a SIS during the period of "suspension," it may then sentence a

On October 24, 2013, Briggs was charged, in Crittenden County Circuit Court Case No. CR-2013-930, with committing sixteen new offenses of breaking and entering, theft of property, and being a felon in possession of firearms. *Doc. 11-3*.

On October 29, 2013, the State filed a petition to revoke Briggs's November 14, 2011 suspension in Case No. CR-2011-964. *Doc. 1, at 6*. The petition alleged that Briggs had violated the conditions under which he had received the SIS, including the commission of new criminal offenses.

On April 30, 2014, Briggs pleaded guilty, in Crittenden County Circuit Court, to violating the terms of the suspension in Case No. CR-2011-964. The trial court revoked Briggs's SIS and imposed a sentence of 180 months of imprisonment.[2] *Doc. 1, at 8-12; Doc. 11-4*. Briggs did not appeal the revocation decision or the sentence imposed,[3] nor did he seek any post-conviction relief in state court.

---

defendant to a term of incarceration within the full statutory range of punishment that might have been imposed originally for the offense. *Id.* § 5-4-309(g)(1)(A), *repealed and replaced by* Ark. Code Ann. § 16-93-308(g)(1)(A) (Supp. 2015)).

[2]Also on April 30, 2014, Briggs pleaded guilty to five of the counts in Case No. CR-2013-930, for which the trial court suspended imposition of sentence for 72 months (on four counts) and 120 months (on one count). The remaining 11 counts were nolle prossed. *See Doc. 1, at 8-12; Doc. 11-4*.

[3]*See* Ark. R. App. P.-Crim. 1(a) (a criminal defendant has no right to an appeal from an unconditional guilty plea); *Camacho v. Hobbs*, 774 F.3d 931, 934 (8th Cir.) (noting that the Arkansas Supreme Court has recognized two limited exceptions to the general rule prohibiting appeals from guilty pleas), *cert. denied* 136 S. Ct. 81 (2015).

According to Briggs, when he arrived at the ADC sometime in 2014,[4] he learned that his 180-month sentence was subject to Arkansas's so-called "70% rule." It is undisputed that, under the law at the time of Briggs's offense, a person convicted of possession of drug paraphernalia with intent to manufacture methamphetamine was required to serve 70% of his imprisonment term before becoming eligible for parole. *See* Ark. Code Ann. § 16-93-611(a)(1)(G) (2010),[5] *repealed and replaced by* Ark. Code Ann. § 16-93-618(a)(1)(I) (Supp. 2015).

On August 1, 2015, Briggs initiated this § 2254 habeas action. *Doc. 1*. He argues that:

1. By applying the 70% parole eligibility statute, the ADC improperly "imposed a more severe sentence than the [trial] court," which sentenced him "under the 50% law, Class B felony"; and

2. His equal protection rights were violated because one of his co-defendants in the 2013 case will be parole-eligible after serving 50% of his sentence.

Respondent contends that Briggs's claims are untimely, procedurally defaulted,

---

[4]In his habeas papers, Briggs never specifies the date he arrived at the ADC. However, he attaches a sworn affidavit, dated August 31, 2014, where he stated: "My time card shows that I am to serve [my sentence] under the 70 percent[.]" *Doc. 1, at 13*. Thus, he arrived at the ADC sometime between his April 30, 2014 sentencing and August 31, 2014.

[5]In pertinent part, § 16-93-611(a)(1) provided: "[A]ny person who is found guilty of or pleads guilty or nolo contendere to subdivisions (a)(1)(A)-(G) of this section shall not be eligible for parole or community punishment transfer ... until the person serves seventy percent (70%) of the term of imprisonment to which the person is sentenced: ... (G) *Possession of drug paraphernalia with the intent to manufacture methamphetamine, § 5-64-403(c)(5)*." (Emphasis added.)

and without merit. *Doc. 11*.

For the reasons discussed below, the Court concludes that Briggs's habeas claims must be dismissed as time-barred.[6]

## II. Discussion

A state prisoner seeking to challenge his state court conviction in federal court must file a petition for habeas relief within one year after the state judgment of conviction becomes final by conclusion of direct review or the expiration of the time for seeking such review. 28 U.S.C. § 2244(d)(1)(A).

Briggs entered his guilty plea to the SIS revocation on April 30, 2014 in Case No. CR-2011-964. He had thirty days from that date, until May 30, 2014, to file a notice of appeal with the state appellate court. When he did not file a notice of appeal, Briggs's state judgment became "final" on that day for purposes of § 2244(d)(1)(A). *See Camacho*, 774 F.3d at 934.

The next day, on May 31, 2014, the habeas statute of limitations began to run. One year later, on June 1, 2015, the statute of limitations expired.[7] Briggs initiated this

---

[6]Thus, the Court need not address Respondent's other arguments.

[7]Because the 365th day fell on Saturday, May 30, 2015, Briggs had until Monday, June 1, 2015, to file his federal habeas petition. *See* Fed. R. Civ. P. 6(a)(1) (a deadline continues to run until the end of the next day that is not a Saturday, Sunday or legal holiday).

action on August 1, 2015, two months after the expiration of the limitations period.[8]

The federal limitations period is tolled while a "properly filed" application for post-conviction relief is pending in state court. 28 U.S.C. § 2244(d)(2). However, Briggs is not entitled to any statutory tolling because he never pursued any post-conviction relief in state court.

In some circumstances, the one-year limitations period does not begin to run until the date on which "the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." *Id.* § 2244(d)(1)(D). The factual predicate of a claim is determined by the "vital facts" underlying that claim. *Earl v. Fabian*, 556 F.3d 717, 725 (8th Cir. 2009). The Court has considered whether Briggs can avail himself of this exception, based on his assertion that the first time he learned he had to serve 70% of his imprisonment term was after he arrived at the ADC, on some unspecified date in 2014, to begin serving his sentence.

As previously explained, on November 14, 2011, Briggs pleaded guilty to possession of drug paraphernalia with intent to manufacture methamphetamine, under Ark. Code Ann. § 5-64-403(c)(5), and received a 120-month SIS. His Judgment and

---

[8]Although the Clerk received and file-stamped Briggs's habeas Petition on August 13, 2015, it was deemed "filed," as a matter of law, on the date it was delivered to prison authorities for mailing to the Court. *Streu v. Dormire*, 557 F.3d 960, 962 (8th Cir. 2009); *see* Rule 3(d), Rules Governing § 2254 Cases in United States District Courts. Briggs certified that he placed his Petition in the prison mailing system on August 1, 2015. *Doc. 1, at 5*.

5

Commitment Order explicitly stated that he was being sentenced under Ark. Code Ann. § 5-64-403, *which is one of the offenses that was listed in Ark. Code Ann. § 16-93-611 as being subject to the 70% rule. See Doc. 11-2, at 5*. Similarly, on April 30, 2014, Briggs expressly acknowledged to the trial court that he had violated the terms of his SIS for "use or possession with intent to use drug paraphernalia to manufacture methamphetamine," and his Sentencing Order specifically identifies this offense and the applicable statutory provision. *Doc. 1, at 8; Doc. 11-4, at 6-7.*

When an individual commits a criminal act, he is presumed to know the law prohibiting that act, and the consequences arising from its commission. *See Atkins v. Parker*, 472 U.S. 115, 130 (1985) ("All citizens are presumptively charged with knowledge of the law."). Parole eligibility is determined by the law in effect at the time of the offense, and an individual is "charged with the knowledge of that [parole eligibility] law when he committed the crime." *Woods v. Lockhart*, 727 S.W.2d 849, 850-51 (Ark. 1987).

Through the exercise of due diligence, Briggs clearly could have and should have discovered the "vital facts" underlying his federal habeas claims *before* he entered his guilty plea and was sentenced on November 14, 2011. Had he done so, he would have known that the offense to which he was going to plead guilty was subject to the "70% rule."

Thus, at the time his conviction and sentence became final, Briggs either knew or was in a position to discover, through "the exercise of due diligence," all of the facts giving rise to the habeas claims he is now asserting. This means, under § 2244(d)(1)(D), he is not entitled to any delay in the one-year limitations period, which began to run on May 31, 2014.

Finally, because § 2244(d) is a statute of limitations, not a jurisdictional bar, a petitioner may be entitled to equitable tolling if he can show that: (1) he has been "pursuing his rights diligently," but (2) "some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 645, 649 (2010). Briggs has not argued that he is entitled to any equitable tolling, and the Court can discern no factual basis to support such a claim.

First, it does not appear that Briggs has pursued his rights diligently. Even accepting his assertion that, at some point *after* his 180-month sentence was imposed in April 2014, he first learned that the sentence was subject to the 70% rule, he made no attempt in state court to withdraw his guilty plea in Case No. CR-2011-964 or otherwise challenge the ADC's calculation of his parole eligibility date for the sentence imposed in that case.[9] Instead, he did nothing – for fifteen months – before initiating this federal habeas action. This simply does *not* show diligence. *See Pace*

---

[9]The Court has electronically accessed the docket sheet in Crittenden County Circuit Court No. CR-2011-964, which shows no entries after April 30, 2014.

7

*v. DiGuglielmo*, 544 U.S. 408, 419 (2005) (petitioner failed to pursue his rights diligently where he waited years before filing a state post-conviction petition, then waited five more months after his post-conviction proceedings became final before seeking federal habeas relief); *Earl*, 556 F.3d at 724 (no equitable tolling where petitioner waited to file his federal petition until eight months after receiving notice that his judgments were final).

Second, there do not appear to be any "extraordinary circumstances" that prevented Briggs from timely filing this federal habeas action, as required by *Holland*. The Eighth Circuit has repeatedly held that a petitioner's pro se status, lack of legal knowledge or legal resources, or any confusion about the federal limitations period or state post-conviction law, does *not* justify equitable tolling. *See, e.g., Johnson v. Hobbs*, 678 F.3d 607, 611 (8th Cir. 2012); *Shoemate v. Norris*, 390 F.3d 595, 597-98 (8th Cir. 2004).

Accordingly, all of Briggs's habeas claims are time-barred.[10]

---

[10]*See also Hice v. Hobbs*, No. 5:12cv297-JLH-JTR, *docs. 19 & 21* (E.D. Ark. July 15, 2014) (although habeas petitioner claimed he did not know 70% rule was being applied to his sentence until he arrived at ADC, no delayed starting date under § 2244(d)(1)(D) or equitable tolling where he could have discovered that information before he pleaded guilty); *Reed v. Hobbs*, 2012 WL 1593963, at *2 (E.D. Ark. Apr. 9, 2012) (same); *Procella v. Norris*, 2008 WL 5401677, at *2 (E.D. Ark. Dec. 24, 2008) (although habeas petitioner claimed that he learned of the 70% rule after expiration of the federal one-year limitations period, his lack of legal knowledge did not provide a basis for equitably tolling the statute of limitations).

### III. Conclusion

IT IS THEREFORE ORDERED that this 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus, *Doc. 1*, is DENIED and this case is DISMISSED, WITH PREJUDICE.

IT IS FURTHER ORDERED THAT a Certificate of Appealability is DENIED. *See* 28 U.S.C. § 2253(c)(1)-(2); Rule 11(a), Rules Governing § 2254 Cases in United States District Courts.

DATED THIS 17th DAY OF May, 2016.

_____
UNITED STATES MAGISTRATE JUDGE